UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| 1. TIMOTHY ALLBEE,<br>2. JONATHAN ALLEN,<br>3. SHANE ANDERSON,<br>4. DAVID ARBURR,<br>5. JOHN AVERY,<br>6. HUNTER BARNES,<br>7. CLIFFORD BARTISS,<br>8. WESLEY BELL,<br>9. ROBERT BIDWELL,<br>10. KYLE BOUCHARD,<br>11. ALEXANDER BOWYER,<br>12. MATTHEW BRAUNSHWEIGER,<br>13. DAVID BREINER,<br>14. ZACHARY BROWN,<br>15. JACOB BRUNGARD,<br>16. CHRISTOPHER BURDICK,<br>17. JOHN BURRELLE JR,<br>18. NICHOLAS CALSETTA,<br>19. COREY CEPELAK,<br>20. CONNAR CHICOSKI,<br>21. TREVON CHIN,<br>22. E. WILLIAM CINK,<br>23. MICHAEL CLYNCH,<br>24. THOMAS COBB,<br>25. ROBERTO COLON,<br>26. KENNETH CORICHI-IRIZARRY,<br>27. NICHOLAS CREAVEN,<br>28. MICHAEL DELL'AGNESE,<br>29. JEFFREY DEMAREST,<br>30. THOMAS DEMPSEY,<br>31. MICHAEL DESILET,<br>32. CHRISTOPHER DEVINE,<br>33. SALVATORE DICELLO,<br>34. ROBERT DRAGHI,<br>35. RICHARD FANKHANEL,<br>36. ANTHONY FAZZINO,<br>37. ROBERT FIGORAS,<br>38. JACK FLANAGAN,<br>39. MATTHEW FLOR,<br>40. DANIEL FORAN,<br>41. DANIEL FRACZEK,<br>42. CHRISTOPHER FRASER,<br>43. TIMOTHY GEORGE, | CIVIL ACTION COMPLAINT<br>Case No.<br><br>JURY TRIAL DEMANDED |

1

44. MATTHEW GILMAN,
45. CHRISTOPHER GOGLIA,
46. KEVIN GOODWIN,
47. BRIAN GUNNOUD,
48. MATTHEW HANNON,
49. DARREL HANRAHAN,
50. RONALD HUBER,
51. ROBERT JUNE,
52. MICHAEL KALUTA,
53. JOHN KINELL,
54. SHAWN KINKADE,
55. KEVIN KOKOSZKA,
56. MICHAEL LACKMAN,
57. TIMOTHY LAMBERT,
58. AARON LAPOINTE
59. RICHARD LEACH,
60. JONATHAN LENTINI,
61. DANIEL MACDONALD,
62. HENRY MAILHOT II,
63. ANDREW MALONE,
64. CLINTON MARTH,
65. ERICH MARTIN,
66. COLLIN MAYNARD,
67. DEVIN MCDERMOTT,
68. ROBERT MCDONALD,
69. BRENNAN MCGUIRE,
70. THOMAS MEHL,
71. WILLIAM MELENDEZ,
72. KYLE MILTIMORE,
73. RAUL MONTES,
74. GERARD NEGRETTI,
75. DAVID NOYES,
76. DOMINIC PASCUCCI,
77. JOHN PELOW,
78. RYAN PETERSON,
79. JEFFREY QUINN,
80. ERIC RAMSAY,
81. RYAN REARDON,
82. JOHN REITMEYER,
83. MARCUS RICE,
84. PATRICK RICHARDS,
85. KEVIN RING JR.,
86. CONNER RUDEWICZ,
87. JOHN RUDMAN,
88. RAYMOND SANCHEZ,
89. JOHN SARLES,

90. BRADFORD SAWICKI,
91. JONATHAN SCHIESSL,
92. MICHAEL SENERTH,
93. SPENCER SHIRSHAC,
94. DANIEL SLOMCINSKY,
95. JAMES SOPELAK,
96. MATTHEW STRUBLE,
97. TIMOTHY TAYLOR,
98. ERIC THEPSIRI,
99. SCOTT THOMPSON,
100. CONOR THOMSEN,
101. JONATHAN TORRES,
102. MICHAEL TRANSUE,
103. JUSTIN URIAN,
104. AARON VIRKLER,
105. KEVIN WALL,
106. JARED WEINER,
107. KAYNE WELLAUER,
108. SCOTT WOODS, AND
109. TYLER YOUNG, individually and on behalf of themselves and all others similarly situated

Plaintiffs,

v.

TOWN OF EAST HARTFORD, CONNECTICUT
Defendant.

## PRELIMINARY STATEMENT

1. The plaintiffs are current and former employees of the defendant Town of East Hartford, Connecticut ("Town"), and they bring an action on behalf of themselves and other employees similarly situated. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue of this action is established in this Court pursuant to 28 U.S.C. § 1391(b).

## **PARTIES**

4. Plaintiffs are each employees, or former employees, of the defendant Town at the East Hartford Fire Department ("Department").

5. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiffs herein have each executed and hereby filed with the Court their respective consents in writing to become a party plaintiff in this action. (Exhibit A). Should other individuals similarly situated seek to join this action, their consents will be filed with the Court. These written consent forms set forth each plaintiff's name and intent to be party to this suit.

6. The defendant in this action is the Town of East Hartford, Connecticut, which has a principal place of business within the Town of East Hartford.

## **FACTS**

7. The plaintiffs are each employees, or former employees, who were at all times material herein employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s). More specifically, each plaintiff is, or was, employed by the Town at the Department.

8. Each of the plaintiffs in this action, while employed by defendant, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).'

9. The defendant Town, is an "employer" as defined by 29 U.S.C. § 203(d) and a "public agency" within 29 U.S.C. § 203(x). Upon information and belief, the defendant at all relevant times has been aware of the provisions of the FLSA.

4

10. The defendant is an enterprise, as defined by 29 U.S.C. § 203(r).

11. Pursuant to the collective bargaining agreement (CBA) (Exhibit B) between the East Hartford Firefighters Union, IAFF Local 1548, and the Town, plaintiffs receive annual wages set by position within the Department to compensate them for all regularly scheduled hours worked. (Ex. B, at 41-43). A contractual hourly rate is then established by dividing the applicable annual salary by 2,184 hours (average hours worked in a year) for plaintiffs engaged in fire suppression, or by 1,820 (average hours worked in a year) for plaintiffs assigned to the Fire Marshal's Division, the Apparatus Repair Division, the Fire Alarm Division, the EMS Division, the Training Division, Emergency Management, or Special Administrative Assignments. *See* ¶ 12, *infra*.

12. Plaintiffs are assigned to one of two work schedules based on their Department division assignments:

> **SECTION 1**
> The work week for all employees except those assigned to the Fire Marshal's Division, the Apparatus Repair Division, the Fire Alarm Division, the EMS Division, the Training Division, Emergency Management, Special Administrative Assignments, or Light duty shall be an average of not more than forty-two (42) hours per week computed over a period of one fiscal year. Personnel shall work a twenty four hour shift followed by 72 hours off…
>
> **SECTION 2**
> The work week of all employees who are not covered under Section 1 of this Article shall be thirty-five (35) hours per week, Personnel shall rotate on a weekly basis between Monday through Thursday from 0730 hrs to 1700 hrs with a 45 minute lunch break and Tuesday through Friday from 0730 hrs to 1700 hrs with a 45 minute lunch break.

Ex. B, at 4.

13. Plaintiffs Allen, Bell, and Melendez are all assigned to the Apparatus Repair Division and, as such, work a thirty-five (35) hour work week pursuant to Art. VI, Sec. 2 of the CBA. Plaintiffs Allen, Bell, and Melendez are primarily engaged in support activities, such as

5

apparatus and equipment repair, and do not respond to fire or other emergency calls. As such, they do not engage in or have a responsibility to engage in fire suppression.

14. Plaintiffs Braunshweiger, Cink, and Pelow are all assigned to the Fire Marshal's Office and, as such, work a thirty-five (35) hour work week pursuant to Art. VI, Sec. 2 of the CBA. Plaintiffs Braunshweiger, Cink, and Pelow are primarily engaged in support activities, such as fire investigations, and do not respond to fire or other emergency calls. As such, they do not engage in or have a responsibility to engage in fire suppression.

15. Plaintiff Senerth is assigned to the Alarms Division and, as such, works a thirty-five (35) hour work week pursuant to Art. VI, Sec. 2 of the CBA. Plaintiff Senerth is primarily engaged in support activities and does not respond to fire or other emergency calls. As such, he does not engage in or have a responsibility to engage in fire suppression.

16. The remaining one hundred and one (101) plaintiffs are engaged in fire suppression, respond to all emergency calls, and are assigned a forty-two (42) hour work week under Art. VI, Sec. 1 of the CBA.

17. For employees engaged in fire suppression, the Town has adopted a 28-day FLSA work period requiring the members of the Department to work 212 hours in a work period before the Town pays them overtime as permitted under section 7(k) of the FLSA.

18. As stated above, plaintiffs who are regularly scheduled to work thirty-five (35) hours a week are not engaged in fire suppression. As such, the FLSA requires that they are paid overtime for all hours worked beyond 40 hours per week. The Town, however, also applies the Section 7(k) partial exemption to employees who are not engaged in fire suppression as defined by the Act.

19. In addition to the schedules noted above, all plaintiffs routinely work additional hours causing them to work in excess of 40 hours in a week or 212 hours in a work period. For example, for the work period covering November 15, 2024 through December 13, 2024, plaintiff Sawicki, who is a fire suppression employee, worked a total of 269 hours, causing him to have worked 57 hours above the applicable FLSA threshold (212) in that work period. Similarly, in the workweek ending on December 14, 2024, plaintiff Pelow, who is a support employee not engaged in fire suppression, worked a total of 63 hours, causing him to work 23 hours above the applicable FLSA threshold (40) in that work period.

20. Pursuant to the CBA, plaintiffs are compensated at a one and one quarter (1¼) of their contractual hourly rate for all additional hours they work outside their regularly scheduled shifts, regardless of whether they have worked beyond of 40 hours in a week or 212 hours in a work period. (Ex. B at 59).

21. In addition to plaintiffs' compensation for both regularly scheduled and additional hours of work, the Town provides Department employees with additional compensation including, but not limited to, holiday pay, acting officer pay, paramedic certification pay, education incentive pay, and wellness program pay.

22. At all times material herein, the Town has failed to incorporate these additional payments when calculating plaintiffs' regular rate of FLSA overtime compensation when plaintiffs work either more than 40 hours in a week or more than 212 hours in a 28-day work period. For example, in his check ending on January 16, 2025 plaintiff Sawicki, a fire suppression employee, was compensated $625.23, a rate approximately equal to 0.25 of his established hourly rate, for the 57 hours above the FLSA overtime threshold (212) that he worked in the work period covering November 15, 2024 through December 12, 2024. The Town

failed to include the additional $3.07 (hourly equivalent of the annual stipend) holiday pay and $0.12 (hourly equivalent of the annual stipend) wellness program pay in plaintiff Sawicki's regular rate of pay before calculating his overtime rate for this FLSA pay period. Similarly, in the workweek ending on December 14, 2024, plaintiff Pelow, who is a support employee not engaged in fire suppression, was compensated $2,076.61, a rate approximately equal to 1.25 of his established hourly rate, for the 23 hours above the FLSA overtime threshold (40) that he worked. The Town failed to include the additional $3.07 (hourly equivalent of the annual stipend) holiday pay and $0.12 (hourly equivalent of the annual stipend) wellness program pay in plaintiff Pelow's regular rate of pay before calculating his overtime rate for this FLSA pay period.

23. On information and belief, the Town has known that its overtime pay practices do not comply with the FLSA since 2022.

24. On information and belief, the Town knew that plaintiffs Allen, Bell, Braunshweiger, Cink, Melendez, Pelow, and Senerth do not respond to fire or emergency calls and therefore are not eligible for coverage by the alternate 28-day, 212 hour, overtime exception provided for by the FLSA. Nevertheless, the Town refused to pay plaintiffs Allen, Bell, Braunshweiger, Cink, Melendez, Pelow, and Senerth overtime unless they worked more than 212 hours in a 28 day period.

25. On information and belief, the failure by defendant to properly pay compensation owed to each plaintiff, therefore, is a knowing, willful and reckless violation of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

## STATEMENT OF CLAIMS

### COUNT 1

## DEFENDANT HAS VIOLATED 29 U.S.C § 207 (a) BY FAILING TO PAY PLAINTIFFS ALLEN, BELL, BRAUNSHWEIGER, CINK, MELENDEZ, PELOW, AND SENERTH OVERTIME FOR ALL HOURS WORKED BEYOND THE 40 HOUR THRESHOLD IN A GIVEN WORKWEEK

26. Plaintiffs hereby incorporate by reference paragraphs one (1) through twenty-five (25) in their entirety and restate them herein.

27. At all times material herein, the plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, as amended, 29 U.S.C. § 201, et seq.

28. Under 29 U.S.C. § 207(a), an employer must pay overtime compensation to employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 40 hours in a workweek.

29. For plaintiffs Allen, Bell, Braunshweiger, Cink, Melendez, Pelow, Senerth, and those similarly situated, who do not respond to fire calls or emergency calls and who work in excess of 40 hours in a work week, defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

30. By failing to pay the plaintiffs Allen, Bell, Braunshweiger, Cink, Melendez, Pelow, Senerth, and those similarly situated, overtime pay as required under the law, defendant has violated the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith.

31. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiffs Allen, Bell, Braunshweiger, Cink, Melendez, Pelow, Senerth, and those similarly situated, for which defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

32.     The employment and work records for plaintiffs Allen, Bell, Braunshweiger, Cink, Melendez, Pelow, Senerth, and those similarly situated (including time and attendance records), are in the exclusive possession, custody, and control of the defendant, and plaintiffs Allen, Bell, Braunshweiger, Cink, Melendez, Pelow, Senerth, and those similarly situated, are unable to state at this time the exact amounts owing to each of them. The defendant is under duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with respect to the plaintiffs Allen, Bell, Braunshweiger, Cink, Melendez, Pelow, Senerth, and those similarly situated, from which the amount of defendant's liability can be ascertained.

## COUNT 2

**DEFENDANT HAS VIOLATED 29 U.S.C. § 207(K) BY FAILING TO PAY PLAINTIFFS ENGAGED IN FIRE SUPPRESSION OVERTIME PAY AT THE RATE OF ONE AND ONE-HALF TIMES THEIR REGULAR RATES OF PAY FOR ALL HOURS WORKED IN EXCESS OF THE HOURLY STANDARDS SET FORTH UNDER 29 C.F.R. § 553.230.**

33.     Plaintiffs hereby incorporate by reference paragraphs one (1) through twenty-five (25) in their entirety and restate them herein.

34.     Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. § 207(k), (29 C.F.R. § 553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7-day work period or in excess of 212 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

35.     Here, defendant has adopted a 28-day work period for frontline fire fighters. Thus, Section 7(k) of the FLSA requires defendant to pay one and one-half times employees' regular rate of pay to all employees who work hours in excess of 212 hours in a 28-day period.

36. According to the CBA, however, defendant only compensates front line fire fighters as at rate of one and one-quarter (1¼) their contractual hourly rate of pay for all hours worked in excess of 212 hours in a 28-day period.

37. For plaintiffs engaged in fire suppression, and those similarly situated, who work in excess of 212 hours in a 28-day work period, defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(K) and 29 C.F.R. § 553.230.

38. By failing to pay the plaintiffs engaged in fire suppression, and those similarly situated, overtime pay as required under the law, defendant has violated the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith.

39. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiffs engaged in fire suppression, and those similarly situated, for which defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

40. The employment and work records for plaintiffs engaged in fire suppression, and those similarly situated (including time and attendance records), are in the exclusive possession, custody, and control of the defendant, and plaintiffs engaged in fire suppression, and those similarly situated, are unable to state at this time the exact amounts owing to each of them. The defendant is under duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment

records with respect to the plaintiffs engaged in fire suppression, and those similarly situated, from which the amount of defendant's liability can be ascertained.

## COUNT 3

**DEFENDANT HAS VIOLATED 29 U.S.C. § 207(a) and (k) BY FAILING TO ACCURATELY CALCULATE PLAINTIFFS' REGULAR RATE FOR OVERTIME COMPENSATION**

41. Plaintiffs hereby incorporate by reference paragraphs one (1) through twenty-five (25) in their entirety and restate them herein.

42. At all times material herein, the plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

43. During the times where the plaintiffs have worked hours in excess of the hourly levels specified in the FLSA – either 40 hours per week or 212 hours in a 28 day period depending on position – plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked. 29 U.S.C. § 207(a); 29 U.S.C. § 207(k); 29 C.F.R. §553.230.

44. Plaintiffs' "regular rate" of pay must include "all remuneration for employment." 29 U.S.C. § 207(e).

45. At all times material herein, the defendant has failed and refused to provide plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay by failing to include all remuneration in plaintiffs' regular rate of pay, including, but not limited to, holiday pay, acting officer pay, paramedic certification pay, education incentive pay, and wellness program pay.

46. Defendant's refusal to provide overtime pay at the proper rate to plaintiffs for the hours plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. §

207; 29 C.F.R. § 553.230, wrongly deprives plaintiffs of the FLSA overtime compensation that is due to them at times material herein.

47. The defendant's actions and omissions as alleged herein were done in a willful, unreasonable and bad faith manner.

48. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiffs for which defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

49. The employment and work records for plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of the defendant, and the plaintiffs are unable to state at this time the exact amounts owing to each of them. The defendant is under duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

## PRAYER FOR RELIEF

WHEREFORE, each plaintiff requests from the Court the following relief:

A. A declaratory judgment declaring that the defendant has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived each plaintiff of his/her rights, protections and entitlements under federal law, as alleged herein;

B. An order for a complete and accurate accounting of all the compensation to which each plaintiff is entitled;

C.    Judgment against the defendant awarding each plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his/her unpaid compensation, plus pre-judgment and post-judgment interest;

D.    An award of reasonable attorneys' fees, as well as costs and disbursement of this action; and

E.    An award granting such other further relief as the Court deems proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

Respectfully submitted,

/s/ Lauren McDermott
Lauren McDermott (Motion for admission *pro hac vice* forth coming)
Mark A. Linscott (Motion for admission *pro hac vice* forth coming)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street NW, Suite 400
Washington, D.C. 20036
Phone: (202) 783-0010
Fax: (202) 783-6088
*Counsel for Plaintiffs*

/s/ James N. Demetriades
Ferguson, Doyle & Chester, PC
35 Marshall Rd
Rocky Hill, CT 06067
P: (860) 529-4762
F: (860) 529-0339
jamesdemetriades@fdclawoffice.com
*Local Counsel*